# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-CV-809-RJC-DCK

| | |
|---|---|
| LINDA L HAMMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BANK OF AMERICA NA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion For Entry Of Stipulated Protective Order" (Document No. 26) filed May 28, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting the consent of all parties, the undersigned will grant the motion. The Court adopts the parties' proposed protective order as follows:

**IT IS, THEREFORE, ORDERED** by and between Plaintiff Linda L. Hammond ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian"), Bank of America, N.A., Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC, ("Defendants") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." Deposition or trial testimony can be designated by the Parties as Confidential. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this

Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of LCvR 6.1.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person , including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-

house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure) and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors

to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or

"Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party. The parties acknowledge that the ultimate disposition of protected materials shall be subject to a final order of the Complaint on the completion of litigation.

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with the Local Rules. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

15. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**SO ORDERED**.

Signed: May 28, 2024

David C. Keesler
United States Magistrate Judge

*/s/ M. Shane Perry*
M. Shane Perry
NC Bar No: 35498
109 W. Statesville Ave.
Mooresville, NC 28115
Telephone: 704-663-4187
Facsimile: 704-663-4178
shane@williamsperry.com
*Counsel for Plaintiff, Linda L. Hammond*

*/s/ Caren D. Enloe*
Caren D. Enloe
NC Bar No: 17394
Smith Debnam Narron Drake Saintsing & Myers, LLP
PO Box 176010
Raleigh, NC 27619-6010
919-250-2000
Fax: 919-250-2211
cenloe@smithdebnamlaw.com
*Counsel for Experian Information Services, Inc.*

*/s/ Marc F. Kirkland*
Marc F. Kirkland
NC Bar No: 60678
Quilling Selander Lownds Winslett Moser
6900 N. Dallas Pkwy, Suite 800
Plano, TX 75024
214-560-5454
Fax: 214-871-2111
mkirkland@qslwm.com
*Counsel for TransUnion, LLC*

*/s/ Tonya L. Urps*
Tonya L. Urps
NC Bar No. 20171
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 343-2038
Facsimile: (704) 444-8783
turps@mcguirewoods.com
*Counsel for Defendant Bank of America, N.A.*

*/s/ Ethan Coretz Goemann*
Ethan Coretz Goemann
NC Bar No: 50731
Seyfarth Shaw LLP
300 S. Tryon Street, Suite 400
Charlotte, NC 28202
704-925-6026
egoemann@seyfarth.com
*Counsel for Equifax Information Services, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:23-CV-809

LINDA L. HAMMOND

               Plaintiff,

v.               CONSENT PROTECTIVE ORDER

BANK OF AMERICA, N.A., *et al.*,

               Defendants.

## EXHIBIT A

### DECLARATION OF COMPLIANCE

I, _____, declare as follows:

My address is _____.

My present employer is _____.

My present occupation or job description is _____.

I have received a copy of the Consent Protective Order entered in this action on

_____, 20\_\_\_.

I have carefully read and understand the provisions of this Consent Protective Order.

I will comply with all provisions of this Consent Protective Order.

I will hold in confidence, and will not disclose to anyone not qualified under the Consent Protective Order, any information, documents or other materials produced subject to this Consent Protective Order.

I will use such information, documents or other materials produced subject to this Consent Protective Order only for purposes of this present action.

Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Consent Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Consent Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Consent Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_, at _____.

_____
QUALIFIED PERSON