UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 23-CV-00809-TMR-DCK

LINDA L. HAMMOND,

        Plaintiff,

v.

BANK OF AMERICA NA,

        Defendant.

**SCHEDULING ORDER**

Dated: June 30, 2026

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina, Rule 16 of the Federal Rules of Civil Procedure, and the Parties' Joint Pretrial Status Report, ECF No. 73, the court enters the following Scheduling Order. This Order is intended to supplement, not supplant, the Court's previously entered Initial Scheduling Order.

## I. TRIAL

A.     **TRIAL DATE**: A jury trial is scheduled to begin on **October 5, 2026**. The estimated time needed for trial is approximately **3-4 days**.

B.     **TRIAL SUBPOENAS**: Counsel must subpoena all witnesses no later than **September 25, 2026.** The Court *may* elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

**C.** **COUNSEL'S DUTIES PRIOR TO TRIAL**: No later than **September 21, 2026**, counsel for all parties shall:

(a) Discuss the possibility of settlement;

(b) Exchange copies of exhibits or permit inspection if copying is impractical; counsel is expected to provide exhibits in electronic form to opposing counsel consistent with Section J;

(c) Number and become acquainted with all exhibits;

(d) Agree upon the issues, reduce them to writing, and file them with the Court. If counsel cannot agree upon the issues, each party is directed to write its own version and file it with the Court; and

(e) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

**D.** **MOTIONS IN LIMINE:** By **August 27, 2026**, counsel for each party shall file any motions in limine with the Court. Any responses to motions in limine shall be filed by **September 10, 2026**. Any replies in support of motions in limine shall be filed by **September 17, 2026**.

**E.** **COUNSEL'S FILINGS TWO WEEKS BEFORE TRIAL:** No later than **September 21, 2026**, counsel for each party shall file with the *Clerk of Court* each of the following:

(a) A trial brief addressing all questions of law and any anticipated evidentiary issues;

(b)     Proposed jury instructions, as described below;

(c)     Requested questions for voir dire; and

(d)     Deposition testimony a party will offer as evidence at trial, as described below.

F.     **PROPOSED JURY INSTRUCTIONS:** All counsel shall submit proposed jury instructions no later than **September 21, 2026**.  Additional instructions may be submitted during the trial as circumstances may require.  Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page.  Each proposed instruction must contain a supporting citation(s) as a footnote.  A proposed instruction without a supporting citation may not be considered.

G.     **JURY VOIR DIRE:** The Court, after consideration of the requests for voir dire submitted by counsel, shall conduct jury voir dire.  Counsel will be given an opportunity to submit additional voir dire for the Court's consideration based on the responses of the potential jurors.

H.     **DEPOSITION TESTIMONY:** If a party will offer deposition testimony as evidence at trial, that party shall file the deposition no later than **September 21, 2026**, after the parties have completed the process outlined in subsections (a) through (e) below:

(a)     The party originally offering the testimony shall highlight in yellow all portions of the deposition testimony it will seek to have admitted;

(b)    That party shall then provide the highlighted copy to the opposing party;

(c)    The opposing party shall highlight in a different color all portions of the deposition testimony it will seek to have admitted;

(d)    The opposing party shall then list briefly in the margins, directly adjacent to the relevant testimony, any objections it has to that testimony (e.g., 401, hearsay);

(e)    The opposing party shall then return the document to the party originally offering the testimony, who will list objections to the opposing party's highlighted portion.

I.    **FINAL LISTS OF WITNESSES AND EXHIBITS:** No later than **August 10, 2026**, counsel for each party shall file (a) a final witness list containing the name of every proposed witness, and (b) a final exhibit list.

J.    **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL:** No later than the morning of the first day of trial, counsel for each party shall file the following:

(a)    A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness; and

(b)    Stipulations concerning the authenticity of as many proposed exhibits as possible.

**K.**     **EXHIBITS:** Parties are expected to use presentation technology available in the courtroom to display evidence to the jury.  Training on the equipment should be arranged well in advance of trial with the courtroom deputy.  *See* "Courtroom Technology" link on the district website at www.ncwd.uscourts.gov.

Counsel shall provide in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial.  Documents and photographs shall be in **.pdf, .jpg, .bmp, .tif,** or **.gif** format; video and audio recordings shall be in **.avi, .wmv, .mpg, .mp3, .wma,** or **.wav** format.  Each electronic exhibit shall be saved as a separate, independent file, and provided to the Court on a storage device, such as cd, dvd, or flash drive.  Exhibit files shall be named consistent with their order and name on the exhibit list.  For example:

Exhibit 1 – photograph of . . .

Exhibit 2(a) – contract

Exhibit 2(b) – video deposition of . . .

**L.**     **FORMAT FOR EXHIBIT LIST:** In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

| Exhibit # | Description | Identified by | Admitted |
|---|---|---|---|

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.  Counsel shall also provide an electronic copy of the exhibit list with the electronic exhibit files.

**M.**   **ASSESSMENT OF JURY COSTS:** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and *per diem* fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties.  When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## II.  SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

**SO ORDERED.**

/s/ Timothy M. Reif

Dated: June 30, 2026          Timothy M. Reif, Judge
New York, New York            United States Court of International Trade

*Sitting by Designation*
United States District Court for the
Western District of North Carolina