UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 23-CV-00809-TMR-DCK

| | |
|---|---|
| LINDA L. HAMMOND,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA NA,<br><br>Defendant. | **OPINION & ORDER** |

Dated: Nov. 18, 2026

M. Shane Perry, Williams & Perry, PLLC, of Charlotte, N.C., for plaintiff Linda L. Hammond.

Nathan Jessee Taylor and Zachary L. McCamey, McGuireWoods, LLP, of Charlotte, N.C., for defendant Bank of America NA.

TIMOTHY M. REIF, Judge, United States Court of International Trade, Sitting by Designation:

Before the court is a motion by defendant Bank of America N.A. ("defendant") to bifurcate the trial. Opening Br. in Supp. of Def.'s Mot. to Bifurcate ("Def. Br.") at 3, ECF No. 88-1.

Defendant moves for the court to "bifurcate the trial into an initial phase considering the issues of liability and compensatory damages—including actual and statutory damages—and, if ultimately necessary, a second punitive damages phase." *Id.*

Plaintiff Linda L. Hammond ("plaintiff") opposes the motion. Pl. Resp. in Opp'n to Mot. to Bifurcate ("Pl. Resp. Br."), ECF No. 95.

For the reasons discussed below, the court grants defendant's motion to bifurcate.

**BACKGROUND**

The court presumes familiarity with the facts set out in the Opinion and Order of June 2, 2026. Op. & Order ("Summ. J. Op.") at 1-6, ECF No. 75.

By way of overview, plaintiff alleged that defendant violated the following statutes: (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by failing to conduct a reasonable investigation and to report accurate information after receiving notice of disputes from consumer reporting agencies; and (2) the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. §§ 75-50 to 56 (2025). Compl. ¶¶ 70-81, 123-125, ECF No. 1.

Plaintiff sought monetary relief, including actual damages for economic loss and emotional distress, as well as statutory and punitive damages under the FCRA. Compl. ¶¶ 63-66; 15 U.S.C. §§ 1681n(a), 1681o(a).

On June 2, 2026, the Court granted defendant's motion for summary judgment as to plaintiff's claim for economic damages but denied the motion as to plaintiff's claim for emotional distress damages. Summ. J. Op. at 10-16. The Court denied also defendant's motion as to plaintiff's claims of negligent and willful noncompliance with the FCRA. *Id.* at 16-22. The Court concluded that genuine disputes of material fact existed as to the reasonableness of defendant's

investigation under 15 U.S.C. § 1681s-2(b)(1)(A) and willfulness under 15 U.S.C. § 1681n. *Id.* The Court granted summary judgment as to plaintiff's NCDCA claims concerning credit reporting because the FCRA preempted those claims. Summ. J. Op. at 24-26. The Court granted summary judgment also as to plaintiff's NCDCA harassment claim for lack of proximate causation. *Id.* at 26-28. Last, the Court denied plaintiff's motion for summary judgment. *Id.* at 28-30.

**JURISDICTION AND STANDARD OF REVIEW**

The court has subject matter jurisdiction over plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681 et seq.

Federal Rule of Civil Procedure 42(b) permits the court to order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). District courts have broad discretion to decide whether to bifurcate a trial. *Johnson v. Balt. Police Dep't*, 500 F. Supp. 3d 454, 458 (D. Md. 2020).

Bifurcation may be appropriate also when resolution of one issue may obviate the need to try another. *Walker v. White*, No. 1:06-CV-350, 2010 WL 2390149, at *1 (W.D.N.C. June 10, 2010) (citing *Vichare v. AMBAC Inc.*, 106 F.3d 457 (2nd Cir.1996)).

The moving party bears the burden of showing that separate trials will promote convenience for the parties, witnesses, jurors and the court, advance expedition and economy and avoid undue prejudice to any party. *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 975 (4th Cir. 2020) (quoting *F & G Scrolling Mouse, LLC v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999)).

The U.S. Court of Appeals for the Fourt Circuit ("Fourth Circuit") has recognized that financial information relevant to the amount of punitive damages may prejudice the jury's consideration of liability or compensatory damages. *McKiver*, 980 F.3d at 975 (quoting *Mattison v. Dall. Carrier Corp.*, 947 F.2d 95, 110 (4th Cir. 1991)); *see also E.E.O.C v. A.C. Widenhouse, Inc.,* 576 F. App'x 227, 232 (4th Cir. 2014). The Fourth Circuit explained:

> Whenever the district court orders a bifurcated trial, the jury should be required, in the first phase, to determine whether punitive damages are to be awarded, and only if its verdict so determines, should it be presented in the second phase with the evidence relevant to the factors for finding the appropriate amount.
> *Mattison*, 947 F.2d at 110.

The court may address potential prejudice through limiting instructions. *Welch v. Logan Gen. Hosp., LLC*, No. 2:15-cv-01022, 2015 WL 3797148, at *3 (S.D.W. Va. June 18, 2015).

## DISCUSSION

Defendant advances two main arguments in support of its motion: (1) "Bifurcating the Issues of Liability and Compensatory Damages from Punitive Damages Is Necessary to Avoid Undue Prejudice and Jury Confusion"; and (2) "Bifurcation Will Promote Judicial Economy." Def. Br. at 4, 7. The court addresses each argument in turn.

### I. Prejudice

The court concludes that bifurcation of the trial will avoid undue prejudice to defendant.

Defendant argues that "evidence of [defendant's] net worth, revenue, and other financial information would present a 'very real specter of prejudice' with the potential to taint jury findings on the issues of FCRA liability and compensatory damages." Def. Br. at 6.

Defendant argues further that financial information may influence the jury's liability determination despite limiting instructions. *Id.* Defendant identifies the risk that jurors would focus on defendant's "ability to absorb the unpaid credit card balance or charge-off the account . . . ." *Id.* at 7.

In response, plaintiff argues that "just because bifurcation may avoid prejudice, '[t]his does not mean it is the only solution'" and that "[a] jury instruction is all that is needed." Pl. Resp. Br. at 2.

In reply, defendant pleads a recognition that a limiting instruction may be effective in certain cases but argues that "[e]ven the most carefully crafted instruction cannot un-ring the bell once a jury has heard testimony about a national bank's significant financial operations and status." Def. Reply Br. in Supp. of Def.'s Mot. to Bifurcate ("Def. Reply Br.") at 6, ECF No. 96.

The Supreme Court has cautioned that "the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003) (quoting *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994)).

Limiting instructions may reduce prejudice. *See McKiver*, 980 F.3d at 975; *see also Plyler v. Cox*, 145 F.4th 501, 513-14 (4th Cir. 2025). The Supreme Court explained, however, that "[v]ague instructions, or those that merely inform the jury to avoid 'passion or prejudice'" may fail to guide a jury's assessment of relevant information. *State Farm*, 538 U.S. at 418.

Defendant is a financial institution, and plaintiff is an individual consumer whose husband died in 2021 while the disputed account remained unpaid. Summ. J. Op. at 3-4. Financial information quantifying defendant's wealth could invite the jury to view defendant's capacity to absorb the disputed balance as a reason to impose liability or increase compensatory damages. Compensatory damages are intended to redress a plaintiff's actual injury or loss, rather than to punish the defendant. *See State Farm*, 538 U.S. at 416. Accordingly, the jury must decide whether defendant complied with the FCRA and what harm any violation caused without consideration of defendant's ability to afford damages or plaintiff's status. *See* 15 U.S.C. §§ 1681s-2(b), 1681n(a), 1681o(a). Defendant's ability to absorb the unpaid balance does not answer those questions.

Defendant's financial condition may become relevant if the jury decides to award punitive damages. The FCRA permits punitive damages for willful noncompliance. 15 U.S.C. § 1681n(a)(2). Were the jury to award punitive damages, financial information might help the jury choose an amount that would punish defendant and deter future violations. *See McKiver*, 980 F.3d at 976 (quoting *Stamathis v. Flying J, Inc.,* 389 F.3d 429, 442 (4th Cir. 2004)). The court therefore

reserves for the second phase of trial evidence that serves only to show defendant's financial position.

The court concludes that separate phases will avoid that risk of prejudice and allow plaintiff to present relevant financial information if the jury decides to award punitive damages. The ruling concerns financial evidence that serves only to show defendant's wealth or ability to pay. Evidence about defendant's investigation procedures, staffing or resources devoted to the disputed account may remain relevant to reasonableness or willfulness. *See McKiver*, 980 F.3d at 971. Evidence in each phase remains subject to the rules of admissibility. Fed. R. Evid. 401-403.

Accordingly, the risk of undue prejudice favors bifurcation.

## II. Judicial economy

The court concludes that bifurcation will promote judicial economy.

Defendant argues that plaintiff must establish a willful FCRA violation before punitive damages become available. Def. Br. at 8. Defendant contends also that proof relevant to calculating punitive damages does not overlap with proof of liability and compensatory damages. *Id.*

Plaintiff responds that bifurcation "would result in the duplicative presentation of testimony, as the second phase of the trial would require a repetition of the evidence presented in the first phase to determine entitlement to punitive damages." Pl. Resp. Br. at 6.

After summary judgment, plaintiff's FCRA claims remain for trial under two theories: (1) negligent noncompliance, based on defendant's alleged failure to

conduct a reasonable investigation and fulfill its duties concerning disputed credit information; and (2) willful noncompliance, including defendant's alleged continued reporting of the account without reflecting plaintiff's dispute. Summ. J. Op. at 16-22. Plaintiff's request for actual damages for emotional distress remains for trial. *Id.* at 10-12.

The first phase of trial will resolve liability, including willfulness, actual or statutory damages and whether to award punitive damages. The second phase, if necessary, will address only the amount of punitive damages. *Mattison*, 947 F.2d at 110. Plaintiff will not need to establish entitlement to punitive damages again.

The court recognizes that some evidence may bear on both phases. Proof of defendant's investigation, reporting and response to plaintiff's disputes may inform both willfulness and the punitive amount. *See McKiver*, 980 F.3d at 974-75 (recognizing that proof relevant to compensatory and punitive damages may overlap substantially).

The same jury, however, will hear both phases, and any second phase will follow promptly after the first. The jury will consider the first-phase record when determining the punitive amount. The parties need not repeat testimony or reintroduce exhibits merely because the trial proceeds to a second phase.

If the jury finds no willful noncompliance or declines to award punitive damages, a second phase will be unnecessary. *See* 15 U.S.C. §§ 1681n(a), 1681o(a). The court and the parties will avoid additional proof directed to the punitive amount, including evidence that serves only to establish defendant's wealth, and

the associated instructions and deliberations. If a second phase becomes necessary, it will require additional instructions and deliberations but will not reopen liability or entitlement to punitive damages.

Bifurcation therefore promotes judicial economy without requiring a second presentation of the merits.

**CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED that defendant's motion for bifurcation of trial is granted.

/s/ Timothy M. Reif
Timothy M. Reif, Judge
United States Court of International Trade
*Sitting by Designation*
United States District Court for the
Western District of North Carolina

Dated: November 18, 2026
New York, New York